IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| JERRY L. FIELDS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON COUNTY SERVICE AUTHORITY, )<br>)<br>Serve: ????, Chairman )<br>WCSA Board of Commissioners )<br>25122 Regal Drive )<br>Abingdon, Virginia 24211 )<br>)<br>Defendant. ) | Case No. _____ |

## COMPLAINT

COMES NOW the plaintiff, Jerry L. Fields, Jr. ("plaintiff" or "Fields"), by counsel, and moves for judgment on the grounds and in the amounts set forth below:

1. This action arises under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, jurisdiction being conferred thereby.

2. Plaintiff is a resident and domiciliary of St. Paul, Virginia.

3. The unlawful employment practices and all acts alleged herein were committed at or around the Washington County Service Authority ("WCSA" or "defendant"), in Washington County, Virginia.

4. Defendant has more than fifty employees.

5. Plaintiff began his employment with WCSA on or about December 6, 2004, as a Water Plant Operator. His hourly rate of pay was $23.00+.

6. Plaintiff, as well as numerous other employees of defendant were aware that females were frequently being sexually harassed by Don Cole ("Cole"), a supervisory employee at WCSA.

7. In mid-October, 2018, plaintiff, having observed frequent sexual harassment by Cole against several female employees at the plant, reported to the Director, Robert Cornett ("Cornett"), that Cole was quite frequently sexually harassing the female employees. Plaintiff provided Cornett several examples, including, but not limited to, a statement that Cole made to a female employee, telling her, "You're nothing but eyeballs and pu**y." Plaintiff also reported to Cornett that Cole was frequently touching these female employees very inappropriately.

8. Immediately following his reporting of the sexual harassment by Cole to Cornett, plaintiff was suspended.

9. Cornett has personally witnessed this inappropriate touching and sexual harassment for a long time, but has refused to do anything about it.

10. Approximately one week after plaintiff's suspension, Cornett phoned plaintiff at home and demanded names of other employees who were also aware of this sexual harassment by Cole. Plaintiff advised Cornett he was afraid to give Cornett additional witnesses since Cornett had already personally retaliated against plaintiff for reporting the sexual harassment, and was continuing to refuse to do anything about same.

11. Cornett immediately fired plaintiff. This termination occurred on October 23, 2018.

12. Cornett has been aware of many acts, including sexual harassment, and as the Director has the power to stop this illegal conduct. However, he appears to be afraid of the WCSA Board of Commissioners taking action against him, particularly since at least one of the Board of Commissioners perpetrates sexual harassment against female employees on a regular basis, of which

conduct Cornett is aware. Thus, Cornett terminates anyone whom he feels puts his position in jeopardy by reporting the illegal conduct.

13. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 18, 2018; he received his Right to Sue letter, dated October 16, 2019, on or about October 21, 2019, which is attached as Exhibit.

14. The foregoing actions by defendant against plaintiff violate Title VI of the Civil Rights Act of 1964 ("Title VII"), as amended, due to the fact defendant discriminated against, and retaliated against, plaintiff for reporting violations of Title VII, to-wit, sexual harassment of female employees, to Cornett.

15. WCSA's discrimination against plaintiff was intentional, willful and wanton, and with full knowledge that its acts were in direct violation of the applicable laws against said discrimination, thereby entitling plaintiff to punitive damages.

16. The actions of defendant have proximately resulted in significant lost wages and severe emotional distress to plaintiff.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. Three Hundred Thousand Dollars ($300,000.00) for back wages, and damages for emotional distress;

2. Plaintiff's attorney's fees and costs; and

3. Such other and different relief as may be deemed appropriate under the circumstances of this case.

Respectfully submitted,

JERRY L. FIELDS, JR.

      S/ Hilary K. Johnson

_____
HILARY K. JOHNSON, P.C.
316 West Valley Street
Abingdon, VA 24210
(276) 619-3740
fax - (276) 619-3742
VSB No.: 20345

**A JURY TRIAL IS DEMANDED IN THIS MATTER**